## DECLARATION OF ROBERT A. PHILIPSON

I, Robert A. Philipson, declare as follows:

1. I am an attorney at law duly licensed and entitled to practice in the State of California. I am also admitted to practice before this court. I am of counsel to Lehrman Law Group, attorneys of record for defendant BMW of North America, LLC (BMW NA). I am one of the attorneys with primary responsibility for handling this matter on behalf of defendant. In that capacity, I am personally familiar with the facts set forth herein and if called as a witness in this case, I could and would competently testify thereto.

2. On July 17, 2018, an action was commenced in the Superior Court of the State of California, County of Los Angeles, Case Number BC714409, entitled Eugene Kim v. BMW of North America, LLC, Pacific BMW and Does 1 through 10, inclusive.

3. On April 15, 2019, plaintiff dismissed the action with respect to Pacific BMW, leaving BMW NA as the only named defendant in this action. It was on this date that BMW NA received, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it could first be ascertained that the case was one that had become removable. A true and correct copy of the summons and complaint is attached hereto as Exhibit A. A true and correct copy of BMW NA's answer to the complaint is attached hereto as Exhibit B. A true and correct copy of Pacific BMW's answer to the complaint is attached hereto as Exhibit C. A true and correct copy of the dismissal of Pacific BMW is attached hereto as Exhibit D.

## THIS COURT HAS DIVERSITY JURISDICTION

4. This is a civil action of which this court has original jurisdiction under the provisions of Title 28, Section 1332 of the United States Code, and is one that may be removed to this court by defendant, pursuant to Title 28, Section 1441 of the United States Code, in that it is a civil action wherein the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.   There Is Complete Diversity Between The Parties**

5.   Plaintiff Eugene Kim is the only named plaintiff. At the time this action was commenced, he was and still is a citizen of the State of California, residing in Newport Beach.

6.   Defendant BMW NA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. BMW NA was not and is not organized under the laws of the State of California. The sole member of BMW NA is BMW (US) Holding Corp., which was and still is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. BMW (US) Holding Corp. was not and is not organized under the laws of the State of California.

**B.   The Matter In Controversy Exceeds The Sum Or Value Of $75,000**

7.   Plaintiff purchased a certified pre-owned 2012 BMW 750i on or about December 26, 2012 for a total sale price of $73,732.00. A true and correct copy of the purchase agreement is attached hereto as Exhibit E. Plaintiff alleges damages of "not less than $25,000.01." (See Complaint, paragraph 13.) He seeks a refund of the purchase price, a civil penalty of two times actual damages and punitive damages. (See Complaint, page 10, line 26 through page 11, line 8.)

8.   Since plaintiff seeks a refund of $73,732.00, the amount in controversy is at least $221,196.00 ($73,732.00 in damages + (2 x $73,732.00) civil penalty), without taking into consideration whatever incidental and consequential damages, prejudgment interest or punitive damages plaintiff may claim or the attorney fees and costs plaintiff may claim. Even if plaintiff's damages were only $25,000.01, the amount in controversy would still be more than $75,000.00 ($25,000.01 in damages + (2 x $25,000.01) civil penalty.)

55.511.RAP - 00386627.DOCX                                6                                2:19-cv-04209

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY);
DEMAND FOR JURY TRIAL; DECLARATION OF ROBERT A. PHILIPSON

9. The potential civil penalty is properly included in the amount in controversy. (See, e.g., *Brady v. Mercedes Benz*, (N.D. Cal. 2002) 243 F.Supp.2d 1004, 1009.) A reasonable estimate of attorney's fees likely to be expended is also properly included. (*Id.* at 1010-11.) Fee awards in cases of this nature may be substantial, even in cases that are settled without trial. (See, e.g., *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 470 ($185,214.19 fee award); *Gezalyan v. BMW of North America, LLC* (C.D. Cal. 2010) 697 F.Supp.2d 1168, 1171 ($50,404.34 fee award).)

10. This Court has supplemental subject matter jurisdiction over the claims set forth in the complaint pursuant to 28 U.S.C. § 1367(a), because the claims set forth therein are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of May, 2019, at Los Angeles, California.

/s/ Robert A. Philipson
Robert A. Philipson